PICKELL, D. B. A. PUNCH AND JUDY, APPELLANT, *v.* LIQUOR CONTROL COMM., APPELLEE.

(No. 7900—Decided June 1, 1965.)

*Messrs. Dixon & Ferrell,* for appellant.
*Mr. William B. Saxbe,* attorney general, and *Mr. James E. Rattan,* for appellee.

TROOP, J. This is an appeal from the Common Pleas Court of Franklin County in a proceeding based on Section 119.12,

Revised Code. Appellant, the holder of a D-5 liquor permit was charged with a violation of Regulation 49 of the Ohio Liquor Control Commission, to wit, the consumption of intoxicating liquor within prohibited hours, at approximately 2:55 a. m., February 9, 1963. Upon a finding of guilty, the permit holder's license was ordered suspended for 14 days.

Appellant contends that the Common Pleas Court erred in not finding that knowledge on the part of the permit holder was an essential element of the offense and relies for support on the case of *Rahal* v. *Liquor Control Comm.*, 1 Ohio App. 2d 263. It should be noted that *Rahal* involves a violation of Regulation 52, the opening phrase of which reads as follows:

"No permit holder shall knowingly or willfully allow * * *."

The offense charged in the instant case is a violation of Regulation 49, which carries entirely different language. It begins as follows:

"No beer or intoxicating liquor shall be sold or permitted to be consumed * * * on the premises * * *."

It concludes by setting forth the hours between which the restrictions apply.

The word, "knowingly," does not appear in Regulation 49 as it does in Regulation 52.

Counsel for the appellant urges that it was unreasonable to apply the regulations in the instant case because the violation consisted of one woman taking a little sip of liquor. The record supports an inference that much more was consumed. However, even assuming that appellant is correct, nothing contained in Regulation 49 draws any line except that no intoxicating liquor shall be consumed after hours. A little-sip situation, such as we have here, may arouse our sympathy, but the regulation is as rigid against a sip as it is against the consumption of a fifth. The court below applied the rule as it is written, and that is all it could do.

The other assignments of error of appellant are not well taken. The Common Pleas Court was correct in finding that the charge had been established by reliable, probative and substantial evidence, and the judgment is, therefore, affirmed.

*Judgment affirmed.*

DUFFY, J. (Presiding), and DUFFEY, J., concur.